# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AMARYLLIS NELSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 07 C 7227 |
| v. ) | |
| ) | Wayne R. Andersen, |
| HARRAH'S ENTERTAINMENT INC. ) | District Judge |
| d/b/a/ HORSESHOE CASINO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendant Harrah's Entertainment, Inc.'s motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss [8] is granted with prejudice.

## BACKGROUND

Plaintiff Amaryllis Nelson filed a three-count complaint, including two claims of invasion of privacy and a claim of negligent infliction of emotional distress. Plaintiff alleges that defendant negligently permitted the dissemination of certain private information, including her name and personal mobile phone number, which she provided as part of her membership in the Horseshoe Casino's "7 Star Club." Plaintiff further alleges that, as a result of the dissemination of her private information, agents of Four Winds Casino have called plaintiff's mobile phone and home at various hours of the day and night to solicit, offer, and invite plaintiff to visit various Four Winds Casino properties. Plaintiff also alleges that other solicitors received information from defendant and continue to use her name and contact information.

Based on these allegations, plaintiff claims an invasion of privacy based on the appropriation of her name, invasion of privacy based on public disclosure of private facts, and negligent infliction of emotional distress. This matter originally was filed in the Circuit Court of Cook County, Illinois, and defendant removed the case to this court based on diversity jurisdiction and has moved to dismiss the case for failure to state a claim.

**DISCUSSION**

In assessing a Rule 12(b)(6) motion to dismiss, the court evaluates the allegations set forth in the complaint, taking all well-pleaded facts as true and viewing all facts and reasonable inferences in the light most favorable to the plaintiff. *Resolution Trust Corp. v. KPMG Peat Marwick*, 844 F. Supp. 431, 433 (N.D. Ill. 1994). Even viewed in this light, plaintiff fails to state any claim upon which relief may be granted.

A. *Plaintiff fails to sufficiently plead infringement upon her exclusive use of her name or information as required for the tort of appropriation of name invasion of privacy.*

Regardless of whether plaintiff's claim arises out of common law or the Right of Publicity Act, she must set forth three essential elements for a claim of appropriation of likeness invasion of privacy. *Blair v. Nevada Landing Partnership, RBG*, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006). These elements are (1) appropriation of the plaintiff's name or likeness; (2) without the plaintiff's consent; (3) for another's commercial benefit. *Id*. at 1991-2. The appropriation element of the tort of appropriation of name requires more than just bare invasion of the plaintiff's privacy interest in his or her name and allows liability only when a defendant has interfered with the plaintiff's "exclusive use of his own identity, insofar as it is represented by his name." *Dwyer v. American Express Company*, 652 N.E.2d 1351 (Ill. App. Ct. 1995).

In this case, plaintiff does not allege that defendant has in any way interfered with her exclusive ability to use her name and identity for commercial benefit. Plaintiff, therefore, fails to sufficiently plead a cause of action for the appropriation of her name either at common law or under the Right of Publicity Act.

B.  *Plaintiff fails to sufficiently plead that her private information was made public as is required for the tort of public disclosure of private facts.*

The tort of public disclosure of private facts requires that a defendant make public certain private information about the plaintiff. The publicity requirement for this tort necessitates that the defendant have communicated the information to "more than just a single person or small group." *Roehborn v. Police Chief Thomas Lambert*, 660 N.E.2d 180, 182 (Ill. App. Ct. 1995). To make information public means to communicate that information to the general public or to "so many people that the matter must be regarded as substantially certain to become one of public knowledge." *Id.*

In this case, plaintiff alleges that defendant made her name and contact information public by allowing that information to be communicated to the Four Winds Casino, along with other unspecified casino solicitors. Even if these allegations are taken as true, defendant does not allege sufficient disclosure to rise to the level of publicity as required to sufficiently plead the tort of public disclosure of private facts.

C.  *Plaintiff fails to sufficiently plead a cause of action for negligent infliction of emotional distress because she does not allege any physical contact or injury.*

Illinois follows the "impact rule" as a limitation on recovery for alleged direct victim of negligent infliction of emotional distress. *Corgan v. Muehling*, 574 N.E.2d 602, 605 (Ill. 1991) (clarifying that the impact rule, as opposed to the "zone of danger" rule, applies to non-

bystanders alleging negligent infliction of emotional distress). Under the impact rule, a plaintiff only may recover for negligent infliction of emotional distress if the distress is "directly and causally related to a physical injury." *Cleveland v. Rotman*, 297 F.3d 569, 574 (7th Cir. 2002).

In this case, plaintiff does not allege that she suffered any physical injury or direct physical contact from defendant's actions. Simply put, there is no impact. Plaintiff, therefore, does not sufficiently plead any cognizable claim under Illinois law.

## CONCLUSION

For all the reasons stated above, defendant Harrah's Entertainment, Inc.'s motion to dismiss [8] is granted with prejudice. This is a final and appealable order.

It is so ordered.

_____
Wayne R. Andersen
District Judge

Dated: June 13, 2008